

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
JUN 2 2 2005
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

IN RE DEPOSITION SUBPOENA    )
    DUCES TECUM OF JOSEPH    )    No. CIV-05-590-W
    A. CLARO    )

## ORDER

Joseph A. Claro, proceeding pro se, has filed the instant lawsuit seeking to quash a subpoena issued in this district, commanding him to appear and produce and permit inspection of certain records and documents. The information requested allegedly relates to a lawsuit brought by inter alios Connelly Management, Inc. ("Connelly"), against John Claro in the United States District Court of South Carolina, Charleston Division. Connelly Management, Inc. v. Claro, No. 2:02-3005-23 (D.S.C.). Connelly has responded to Claro's Motion for Protective Order as well as to Claro's Motion to Strike, wherein he has argued that this matter is moot.

Rules 45(c)(3)(A) and 45(c)(3)(B), F.R.Civ.P., upon which Claro has relied in part,[1] provide, respectively, that

> "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . .

---

[1] Claro has also relied upon Rule 26(c)(4), F.R.Civ.P., which provides that

"[u]pon motion by . . . the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court . . . in the district where the deposition is to be taken may make any order which justice requires to protect a . . . person from annoyance, embarrassment, oppression, undue burden or expense, including . . . that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters."

>> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies . . . ,"

Rule 45(c)(3)(A)(iii), supra, and

>> "[i]f a subpoena
>>
>>> (i) requires disclosure of . . . confidential . . . commercial information . . . ,
>>
>> the court may, to protect a person subject to . . . the subpoena, quash or modify the subpoena or . . . order appearance or production only upon specified conditions."

Rule 45(c)(3)(B)(i), supra.

Case law teaches that this Court–"the court by which [the] subpoena was issued"–is not the only court which has jurisdiction to resolve the issues raised by Claro in his Motion for Protective Order. The United States Court of Appeals for the Tenth Circuit has recognized that it is within this Court's discretion under Rule 45(c)(3)(A) to transfer the instant motion to the district in which the underlying action is pending. E.g., Petersen v. Douglas County Bank & Trust Co., 940 F.2d 1389, 1391 (10th Cir. 1991)(nothing in Rule 45 or commentary thereto compels conclusion that only court that issued subpoena has authority to rule on motion to quash or that such court is prohibited from transferring motion to court where action is pending).[2]

In exercising its discretion, the Court finds that a transfer of Claro's Motion for Protective Order and his Motion to Strike is warranted and serves the interests of justice,

---

[2]The Court is aware that circuit and lower district courts differ on the issue of transfer. Compare In re Digital Equipment Corp., 949 F.2d 228 (8th Cir. 1991)(court may exercise discretion and remit matter to district court in which underlying action is pending), with In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998)(court lacks authority to transfer to district in which underlying action is pending).

efficiency and consistency. If the merits of the underlying action need to be considered in resolving the arguments Claro has raised, the South Carolina district court is better situated to consider the same. Likewise, that court is better suited to evaluate and address not only issues of relevance, privilege and mootness, particularly, if the requested discovery may substantially affect the course of that action, but also arguments of harassment of a nonparty.

Accordingly, the Court

(1) TRANSFERS Claro's Motion for Protective Order filed on May 25, 2005, and his Motion to Strike filed on June 15, 2005; and

(2) DIRECTS the Clerk of the Court to send to the Clerk of the United States District Court of South Carolina, Charleston Division, a certified copy of this Order as well as a certified copy of the case docket.

ENTERED this 22d day of June, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE